# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.                    CASE NO. 13-10049-01-EFM

**ERIC J. ROSOL**

      Defendant.

# INDICTMENT

**The Grand Jury charges:**

INTRODUCTION

1. "Anonymous" is a loosely organized group of computer hackers who engage in various activities, which include the organization of attacks upon websites in an effort to cause the website's computer system to crash, thereby preventing persons from contacting the website, and/or preventing the organization from using its website to contact others.

2. Koch Industries is a business located in Wichita, Kansas, whose website is "Kochind.com." Koch Industries also owns several other business entities, including GP Consumer Products Holding, LLC, which has the "quiltednorthern.com" website and the "angelsoft.com" website.

3. Beginning in approximately February of 2011, Anonymous began using Internet Relay Chat (IRC) channels to advertise a Dedicated Denial Of Service Attack (DDOS) against Koch Industries, and seeking participants in such an attack.

3a. An IRC channel is a multi-user, multi-channel communication system which allows for Internet text messaging, i.e. chat. It allows for group communication in discussion forums, called channels, as well as one-to-one communication, and data transfers.

3b. A DDOS attack is an attempt to make a computer resource unavailable to its intended users. It usually consists of a concerted effort by a person or group of people to prevent an Internet site from functioning efficiently or at all, temporarily or indefinitely. A common method of attack involves saturating the target computer hosting the site with large numbers of external communication requests so that the target computer cannot respond to legitimate traffic, or the target computer responds so slowly as to be rendered effectively unavailable.

## COUNT ONE
## CONSPIRACY

4. Beginning on approximately February 27, 2011, and continuing through approximately March 1, 2011, in the District of Kansas and elsewhere, the defendant,

ERIC J. ROSOL,

knowingly and willfully conspired and agreed with others, both known and unknown, to commit an offense against the United States, and one or more of such persons did an act to effect the object of the conspiracy.

### OBJECT OF THE CONSPIRACY

5. The object of the conspiracy was to interfere with the computer systems of Koch Industries so that said computer system could not respond to legitimate traffic, or to cause said computer system to respond so slowly as to be rendered effectively unavailable.

## MANNER AND MEANS OF THE CONSPIRACY

6. It was part of the conspiracy that the defendant, and others, would engage in a DDOS attack on various computer systems owned by Koch Industries, including "Kochind.com."

7. The DDOS attack was to be undertaken by the participants in the conspiracy by using a tool known as a "Low Orbit Ion Cannon" (LOIC), in order to overwhelm the Koch Industries' websites with a high volume of repeated requests to the Koch websites until the sites would become inoperable.

## OVERT ACTS

8. In furtherance of the conspiracy and effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Kansas and elsewhere:

9. On or about February 27, 2011, Anonymous requested that the conspirators fire a LOIC tool at a Koch Industries website, "quiltednorthern.com," and numerous conspirators complied with the request.

10. On or about February 28, 2011, Anonymous requested that persons engaged in the DDOS attack against Koch Industries redirect their efforts to "Kochind.com," and on said date Defendant Rosol, and others, "fired" a LOIC tool at "Kochind.com."

11. As a result of the acts of Defendant Rosol and others, on February 28, 2011, "Kochind.com" website crashed and was unavailable for legitimate traffic.

The above acts were in violation of Title 18, United States Code, §§ 371 and 1030(a)(5)(A).

## COUNT TWO

On or about February 28, 2011, in the District of Kansas and elsewhere, the defendant,

ERIC J. ROSOL,

knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage, without authorization, to a protected computer, to wit; the defendant executed the LOIC program on his computer and transmitted from his computer information and various codes and commands, to a "protected" computer at Koch Industries, the transmission of which damaged the Koch Industries computer by impairing its integrity and availability of data, programs, system, and information.

The above acts were in violation of Title 18, United States Code, §§1030(a)(5)(A) and 2.

## **FORFEITURE ALLEGATION ONE**

12.     The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1030(i)(1)(A).

13.     Pursuant to Title 18, United States Code, Section 1030(i)(1)(A), upon conviction of a conspiracy to violated section 1030(a)(5)(A) and 2, in violation of Title 18, United States Code, Section 371, the defendant ERIC J. ROSOL, shall forfeit to the United States of America any personal property that was used or intended to be used to commit or to facilitate the commission of such violation. The property to be forfeited includes, but is not limited to, the following:

Antec CPU (Custom), no visible serial number

## FORFEITURE ALLEGATION TWO

14. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1030(i)(1)(A).

15. Pursuant to Title 18, United States Code, Section 1030(i)(1)(A), upon conviction of a conspiracy to violated section 1030(a)(5)(A) and 2, in violation of Title 18, United States Code, Section 371, the defendant ERIC J. ROSOL, shall forfeit to the United States of America any personal property that was used or intended to be used to commit or to facilitate the commission of such violation. The property to be forfeited includes, but is not limited to, the following:

    Antec CPU (Custom), no visible serial number

16. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2461(c).

**A TRUE BILL**

March 26, 2013          s/Foreperson
DATE          FOREPERSON OF THE GRAND JURY

s/Barry R. Grissom
BARRY R. GRISSOM
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Ks. S. Ct. No. 10866
Barry.Grissom@usdoj.gov

**It is requested that the trial be held in Wichita, KS**