FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

13 SEP 11 P4 :34

CLERK. U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK
AT WICHITA, KS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } Case No. 13-10049-EFM |
| ERIC J. ROSOL, | } |
| Defendant. | } |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Alan G. Metzger, and Eric J. Rosol, the Defendant, personally and by and through Defendant's counsel, Kurt P. Kerns, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea**

The Defendant agrees to plead guilty to Count Two of the Indictment, charging a violation of Title 18, United States Code, §§ 1030 (a)(5)(A), that is, Accessing a Protected Computer. By entering into this plea agreement, the Defendant admits to knowingly committing this offense, and to being guilty of this offense. The Defendant understands that the maximum sentence which may be imposed as to Count Two of the Indictment to which the Defendant has agreed to plead guilty is not more than: **one** year of imprisonment, a $100,000.00 fine, **one** year of supervised release, and a $25.00 mandatory special assessment. The United States and the Defendant agree that the defendant shall make restitution to the victim in this matter, Koch Industries; however, the amount of restitution is to be determined by the

Sentencing Court at the time of the Sentencing Hearing. The defendant understands that the victim of his offense are entitled to restitution for the loss incurred by the victim as a result of this offense, as defined in Title 18, United States Code, §1030(e)(11), and that the victim will seek restitution of $183,000.00. The parties have agreed the direct loss associated with the defendant's participation in the attack upon Koch Industries' computer was less than $5,000.00, but have further agreed, pursuant to Title 18, United States Code, §3663(a)(3), that the defendant will pay restitution in an amount determined by the Court, up to the sum of $183,000.00. The United States agrees that at the time of sentencing it will move for dismissal of the remaining count of the Indictment, Count One.

2. **Factual Basis for the Guilty Plea**

The parties agree the facts constituting the offense to which the Defendant is pleading guilty are as follows:

On February 28, 2011, Eric J. Rosol, a resident of the State of Wisconsin, as part of a Dedicated Denial of Service (DDoS) internet attack upon the web page for Koch Industries, Kochind.com, knowingly executed a Low Orbit Ion Cannon Code, from the defendant's computer in Wisconsin to the computer serving as the web server for, Kochind.com, which was located in the District of Kansas. The defendant participated in the DDoS attack upon Kochind.com for approximately one minute. The DDOS attack upon, which was organized by

2

the computer hacking group known as "Anonymous," caused Kochind.com to go offline for approximately 15 minutes, thereby impairing its ability to function as designed. The computer serving as the web server for Kochind.com was a "protected" computer since it was used in or affected interstate commerce.

The parties agree that the loss directly attributable to the defendant's attack upon Kochind.com is less than $5,000.00, however, Koch Industries had been informed of the planned Anonymous attack upon Kochind.com, as well as other web sites owned by Koch Industries, and, as a result, Koch Industries hired a consulting group to protect the operation of its websites, and, if any such attack was successful, to minimize the effect of the attack. The loss associated with the retention of the consultant was approximately $183,000.00. Defendant will argue at sentencing that this $183,000.00 expense by KOCH is not a loss attributed to him.

3. **Forfeiture of Assets**

The defendant agrees to not contest Forfeiture Allegation Two of the Indictment and agrees to the forfeiture of the following property to the United States: Antec CPU (Custom), no visible serial number. Defendant agrees that this property was used or intended to be used to commit or to facilitate the commission of Count 2. Defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property listed herein. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of defendant's sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the

defendant in addition to forfeiture. Additionally, defendant agrees to the immediate entry of the preliminary order of forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

4. **Application of the Sentencing Guidelines**

The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The Defendant further waives any right to have facts that determine the offense level under the Guidelines as alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the Defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the Defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

5. **Government's Agreements**

In return for the Defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a. To not file any additional charges against the Defendant arising out of the facts forming the basis for the present Indictment;

b. To recommend a sentence at the low end of the applicable guideline range;

c. To recommend the Defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility;

d. To not request an upward departure from the applicable sentencing guideline range if the Defendant agrees not to request a downward departure.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the Defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the Defendant denies or gives conflicting statements as to involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the Defendant has breached this agreement.

In the event the Court finds the Defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The Defendant understands and agrees that in the event the Defendant violates this plea agreement, all statements made by the Defendant subsequent to the execution of this plea agreement, any testimony given by Defendant before a grand jury or any tribunal or any leads from such

statements or testimony shall be admissible against the Defendant in any and all criminal proceedings. The Defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the Defendant subsequent to this plea agreement.

6. **Defendant's Further Agreements**

The defendant further agrees that as a term of his probation or supervised release that he shall not contact the victim, or any of the victim's web sites, to include any web site hosted by Koch Industries, Angel Soft, or Georgia Pacific, during the period of probation or supervised release

7. **Sentence to be Determined by the Court**

The Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the Defendant will receive.

8. **Identification of Assets & Agreement Concerning Monetary Penalties**

The Defendant agrees to cooperate fully with the United States Attorney's Office and specifically:

A) Provide a financial statement on a form approved by the USAO that discloses all assets in which Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

B) Acknowledges that any waivers, consents, or releases signed by the Defendant for purposes of the Presentence Investigation Report extends to the USAO.

C) Will not encumber, transfer, or dispose of any monies, property or assets under his/her custody or control, without written approval from the USAO.

D) The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

E) The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

### 9. Withdrawal of Plea Not Permitted

The Defendant understands that if the court accepts this plea agreement but imposes a sentence with which the Defendant does not agree, the Defendant will not be permitted to withdraw this plea of guilty.

## 10. Payment of Special Assessment

The defendant understands that a mandatory special assessment of $~~100~~ 25.00 per count of conviction will be entered against him at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

## 11. Waiver of Appeal and Collateral Attack

The Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the Defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the Defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The Defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under 18 U.S.C. § 3582(c)(2) and a motion brought under Fed. R. Civ. P. 60(b). In other words, the Defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the Defendant is released from this waiver and may appeal the sentence received as authorized by 18 U.S.C. § 3742(a).

Notwithstanding the forgoing waivers, the parties understand that the Defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**12.      FOIA and Privacy Act Waiver**

The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552 and the Defendant waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

**13.      Full Disclosure by United States**

The Defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the Defendant including the entirety of the Defendant's criminal activities. The Defendant understands these disclosures are not limited to the count to which the Defendant has pled guilty. The United States may respond to comments made or positions taken by the Defendant or Defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The Defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14. **Parties to the Agreement**

The Defendant understands this plea agreement binds only the Defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements**

The Defendant has had sufficient time to discuss this case, the evidence, and this agreement with the Defendant's attorney and Defendant is fully satisfied with the advice and representation provided by Defendant's counsel. Further, the Defendant acknowledges that she has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The Defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The Defendant acknowledges that the Defendant is entering into this agreement and is pleading guilty because the Defendant is guilty and is doing so freely and voluntarily.

s/ Alan G. Metzger *(signature)*            Date: 8-14-13
ALAN G. METZGER
Ks S.Ct.No. 10143
Assistant United States Attorney
301 N. Main, Suite 1200
Wichita, KS 67202
Tele: 316-269-6481
Fax: 316-269-6484
Alan.Metzger@usdoj.gov

*(signature)*            Date: 8/14/13
DEBRA L. BARNETT
Criminal ~~Chief~~/Supervisor

*(signature)*            Date: 9/11/13
ERIC J. ROSOL
Defendant

*(signature)*            Date: Sept 1/2013
KURT P. KERNS
Ariagno Kerns Mank & White, LLC
328 North Main Street
Wichita, Kansas 67202
(316) 265-5511
E-Mail: kurtpkerns@aol.com
Ks.S.Ct.#15028
Attorney for Defendant Eric J. Rosol